UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE GEILING,

    Plaintiff,

v.

ANITA THOMASON,

    Defendant.

Case No. 25-cv-12521

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Lance Geiling commenced this 42 U.S.C. § 1983 action against Michigan Department of Civil Rights intake technician Anita Thomason. *See* Mich. Dep't. of Civil Rights, Organizational Chart, https://www.michigan.gov/mdcr/-/media/Project/Websites/mdcr/org-charts/MDCR-Online-Org-Chart-Feb-2025.pdf?rev=94ed852cdda34c619c417fb8c6ad085f&hash=41CE627B49A5461F1C61BBA98A32E319 (last visited Aug. 14, 2025). The complaint alleges, among other things, that Thomason violated Geiling's due process rights under the Fourteenth Amendment to the United States Constitution when she failed to respond to his emails and phone calls.

Before the Court is Geiling's *pro se* application to proceed *in forma pauperis*. (ECF No. 3). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Geiling's claims falter on several grounds. To begin with, the two federal statutes referenced in the complaint – 18 U.S.C. §§ 241, 242 – do not provide a

private cause of action to civil litigants. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that "the district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes.").

Nor may Geiling sue Thomason in her official capacity as an intake technician with the Michigan Department of Civil Rights because the Eleventh Amendment immunity shields her from liability for money damages. *See Courser v. Allard*, 969 F.3d 604, 618 (6th Cir. 2020). And none of the complaint's allegations state a plausible claim for relief against Thomason in her individual capacity.

Lastly, assuming Geiling's allegations could even surmount Eleventh Amendment immunity, Thomason's non-responsiveness to his emails and phone calls over the course of three weeks does not rise to the level of a federal due process violation. *See Matthews v. City of Memphis*, No. 14-02094, 2014 U.S. Dist. LEXIS 91343, at *23 (W.D. Tenn. Jun. 17, 2014), *adopted by*, 2014 U.S. Dist. LEXIS 90814 (W.D. Tenn. Jul. 3, 2014) (holding that "the allegation that the United States Attorney General did not respond to an email does not allege a violation of Plaintiff's due process rights."). Accordingly,

IT IS ORDERED that Geiling's application for leave to proceed *in forma pauperis* (ECF No. 3) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Geiling may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: August 14, 2025                    s/ Robert J. White
                                          Robert J. White
                                          United States District Judge